# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **ACCORDANT COMMUNICATIONS, LLC,** *Plaintiff* | § § § § |
| v. | §  Case No. A-19-CV-00401-LY § |
| **SAYERS CONSTRUCTION, LLC,** *Defendant* | § § § |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE**

Before this Court are Defendant's Rule 12(b)(1) Motion to Dismiss, filed on May 23, 2019 (Dkt. No. 10); Plaintiff's Response, filed on June 7, 2019 (Dkt. No. 11); Defendant's Reply, filed on June 14, 2019 (Dkt. No. 13); and Plaintiff's Surreply, filed on July 17, 2019 (Dkt. No. 17).[1] On July 17, 2019, the District Court referred the above motion to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I. BACKGROUND

Plaintiff Accordant Communications, LLC ("Accordant") is a limited liability company organized under the laws of Georgia with its principal place of business in Seminole County, Florida. Defendant Sayers Construction, LLC ("Sayers") is a limited liability company organized under the laws of Texas with its principal place of business in Travis County, Texas.

---

[1] The Court granted Accordant's Motion for Leave to File Surreply. Dkt. No. 16.

On December 6, 2017, Accordant filed an arbitration proceeding with the American Arbitration Association against Sayers pursuant to the arbitration clause contained in the parties' contract. *See* Exh. A to Dkt. No. 1 (Case No. 01-17-007-4311). Accordant sought damages against Sayers relating to work performed by Accordant as a subcontractor for certain electric utility construction in South Florida for which Accordant allegedly was not compensated. Accordant asserted causes of action for breach of contract, *quantum meruit*, and fraud. Sayers asserted counterclaims for breach of contract.

On March 22, 2019, the Arbitration Tribunal ("Tribunal") issued its "Partial Award" finding that Accordant was the prevailing party in the proceeding and awarded Accordant $459,392.09 in monetary damages, "plus an amount to be determined by the Arbitrator for interest, reasonable costs, expenses and attorney's fees." *See* Exh. A to Dkt. No 1 at p. 41, 43. The Tribunal also found that Sayers should recover nothing on its counterclaims. The Partial Award further stated that: "This Award is intended to fully address all claims and defenses submitted in these proceedings exclusive of reasonable attorney's fees, costs, expenses and interest." *Id.* at p. 43. The Tribunal ordered the parties to submit briefing on the issue of attorney's fees, costs, expenses, and interest. *Id.* at p. 41-42.

On April 10, 2019, Accordant filed its "Application to Confirm Arbitration Award" seeking to confirm the Partial Award. Dkt. No. 1. The Application also notified the Court that it "will amend this application upon entry of an award for attorney's fees, costs, expenses, and interest." *Id.* at ¶ 10. Accordant further asserted that the Court had jurisdiction over this case based on diversity jurisdiction under 28 U.S.C. § 1332(a).

On May 9, 2019, the Tribunal issued its "Order on Accordant's Application for Award of Fees, Costs and Interest and Final Award," further awarding Accordant $792,565 in attorneys' fees,

$12,989.04 in litigation costs, $72,250 in arbitration expenses, and $59,240.58 in prejudgment interest, with post-judgment interest from March 22, 2019 (the date of the Partial Award) until paid in full. Exh. A to Dkt. No. 7. The Final Award also stated that: "This Award is intended to fully address all claims and defenses submitted in these proceedings exclusive of reasonable attorney's fees, costs, expenses and interest." *Id.* at p. 43. Also on May 9, 2019, Accordant filed its Amended Application to Confirm Arbitration Award asking the Court to affirm the Final Award in favor of Accordant in the amount of "$1,397, 436.71, plus post-judgment interest and post-award interest to be determined by the Court." Dkt. No. 7 at p. 3.

On May 23, 2019, Sayers filed the instant Motion to Dismiss this case under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Sayers contends that courts are only permitted to confirm final arbitration awards and lack subject matter jurisdiction to confirm partial awards. Sayers argues that because Accordant filed this lawsuit before the Final Arbitration Award was issued and sought only to confirm the Partial Award, this Court lacked subject matter jurisdiction at the time this suit was filed. Sayers further argues that the Amended Application to Confirm the Arbitration Award cannot cure the original deficiency because jurisdiction cannot be created retroactively. In its Reply, Sayers changes tack, arguing that the Court lacked subject matter jurisdiction at the time this action was commenced because the Partial Award was not a final arbitration award and, thus, was not ripe for adjudication by this Court. Dkt. No. 13 at p. 4.

## II. LEGAL STANDARDS

### A. Jurisdiction

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Subject matter jurisdiction can be established by a federal question or diversity of citizenship between the parties. 28 U.S.C. §§ 1331,

3

1332. Federal question jurisdiction authorizes original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties in the United States." 28 U.S.C. § 1331. Diversity jurisdiction authorizes the courts to have jurisdiction if the "matter in controversy exceeds the sum or value of $75,000" and the parties are diverse in citizenship. 28 U.S.C. § 1332.

**B. The Federal Arbitration Act ("FAA")**

In light of the strong federal policy favoring arbitration, "judicial review of an arbitration award is extraordinarily narrow." *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002) (internal quotation marks omitted). "[F]ederal courts will defer to the arbitrators' resolution of the dispute whenever possible." *Anderman/Smith Operating Co. v. Tennessee Gas Pipeline Co.*, 918 F.2d 1215, 1218 (5th Cir.1990). Courts must confirm an arbitration award unless it is vacated, modified, or corrected pursuant to the FAA. *See Citigroup Global Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009) (citing *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008)).

**C. Ripeness**

The ripeness doctrine "is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 58 (1993). "Ripeness is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003). A case is ripe for adjudication if all remaining questions are legal and further factual development is unnecessary. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583, 587 (5th Cir. 1987). A claim is not ripe if it "rests upon contingent future events that may not occur as

anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal punctuation and citations omitted).

### III. ANALYSIS

As noted, Accordant filed this lawsuit initially to confirm the Tribunal's Partial Award, and subsequently filed an Amended Application to confirm the Tribunal's Final Award. Accordant filed this lawsuit pursuant to the FAA, 9 U.S.C. § 9, and invoked this Court's diversity jurisdiction under 28 U.S.C. § 1332. Section 9 provides, in relevant part, the following:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.

Sayers argues that the Court does not have subject matter jurisdiction over this lawsuit because federal courts only have jurisdiction under the FAA to confirm *final* arbitration awards. Sayers contends that at the time the lawsuit was filed, Accordant was attempting to enforce the Partial Award, not the Final Award, and, therefore, the Court lacked subject matter jurisdiction at the time this action was commenced. Sayers further argues that the fact that the Tribunal entered a Final Award after the lawsuit was filed "does not create subject matter jurisdiction at the time this action was commenced." Dkt. No. 13 at p. 4. Sayers is mistaken.

### A. Subject Matter Jurisdiction and the FAA

Section 4 of the FAA provides "for United States district court enforcement of arbitration agreements." *Vaden v. Discover Bank*, 556 U.S. 49, 58 (2009). Section 4 further states that motions to compel arbitration may be brought before "any United States district court which, save for such

agreement, would have jurisdiction under title 28 . . . of the subject matter of a suit arising out of the controversy between the parties." *Id.* Thus, the Supreme Court and Fifth Circuit have specifically held that the FAA dos not create an independent grant of federal jurisdiction. *Id.* at 59; *Nat'l Football League Players Ass'n v. Nat'l Football League*, 874 F.3d 222, 225 n.1 (5th Cir. 2017); *Smith v. Rush Retail Ctrs., Inc.*, 360 F.3d 504, 505 (5th Cir. 2004). As the Supreme Court has explained:

> The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28. U.S.C. § 1331 or otherwise. Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue.

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983). Thus, Sayers' argument that the Court does not have subject matter jurisdiction under the FAA is not well-taken. *See Hamstein Cumberland Music Grp. v. Williams*, 532 F. App'x 538, 542 (5th Cir. 2013) (holding that defendant's argument that the court did not have subject matter jurisdiction to confirm arbitration award was "meritless" where court had diversity jurisdiction over the case under § 1332, and stating that § 9 of the FAA could not "divest the district court of the subject-matter jurisdiction it already possessed").

Here, Accordant did not rely on the FAA to create federal jurisdiction; rather, it relied on the Court's diversity jurisdiction under 28 U.S.C. §1332(a) "because the amount in controversy exceeds $75,000 and is between citizens of different states." Dkt. No. 1 at ¶ 3. Sayers does not dispute that Accordant has met the requirements of diversity jurisdiction. Accordingly, the Court has subject matter jurisdiction over this case. *See Hamstein*, 532 F. App'x at 542 ("The district

6

court properly exercised subject-matter jurisdiction because complete diversity exists and 28 U.S.C. § 1332(a)'s amount-in-controversy requirement is satisfied.").

Nevertheless, Sayers argues that the Court lacks jurisdiction because the lawsuit was not ripe for adjudication when it was filed because Accordant was seeking confirmation of a partial award. This argument fails because ripeness "is a prudential doctrine, rather than a strict jurisdictional bar." *Archbold-Garrett v. New Orleans City*, 893 F.3d 318, 324 (5th Cir. 2018); *see also Stop the Beach Renourishment, Inc. v. Florida Dep't of Envtl. Prot.*, 560 U.S. 702, 729 (2010) (holding that an argument that a claim is unripe because the aggrieved party has not sought just compensation may be waived because it is not jurisdictional). The Supreme Court has explained the difference between the doctrines as follows:

> The distinction between the two grounds is significant. In the instance of nonjusticiability, consideration of the cause is not wholly and immediately foreclosed; rather, the Court's inquiry necessarily proceeds to the point of deciding whether the duty asserted can be judicially identified and its breach judicially determined, and whether protection for the right asserted can be judicially molded. In the instance of lack of jurisdiction the cause either does not 'arise under' the Federal Constitution, laws or treaties (or fall within one of the other enumerated categories of Art. III, s 2), or is not a 'case or controversy' within the meaning of that section; or the cause is not one described by any jurisdictional statute.

*Baker v. Carr*, 369 U.S. 186, 198 (1962).

Based on the foregoing, Sayers' jurisdictional ripeness argument is without merit. Nonetheless, the Court has a duty to determine whether this case is ripe under the justiciability ripeness doctrine.

**B. Finality and Ripeness**

Sayers argues that this lawsuit was not ripe for the Court's review when it was filed because Accordant was attempting to seek confirmation of a partial arbitration award and only final arbitration awards are ripe for adjudication under the FAA.

The undersigned finds that Sayers cannot prevail on this argument. Even if Accordant's lawsuit was not ripe initially, it became ripe on May 9, 2019, when the Tribunal issued its Final Award while. "[R]ipeness is peculiarly a question of timing," and "it is the situation now rather than the situation at the time of the [decision under review] that must govern." *Anderson v. Green*, 513 U.S. 557, 559 (1995) (quoting *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 140 (1974)).

In determining ripeness, events that occurred after the filing of the complaint can be considered, and a claim can become ripe while pending before the court. *See Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 544-45 (5th Cir. 2008) (finding that city's claim that bar owners' action challenging constitutionality of ordinance prohibiting smoking in enclosed places was not ripe became moot after bars received criminal citations under ordinance for failing to take necessary steps to prevent or stop smoking in their establishments); *American Motorists Ins. Co. v. United Furnace Co.*, 876 F.2d 293, 302 n.4 (2d Cir.1989) ("We note that it is irrelevant whether the case was ripe for review when the complaint was filed. Intervening events relevant to the ripeness inquiry should be considered and may be determinative."); *Roman Catholic Diocese of Dallas v. Sebelius*, 927 F. Supp. 2d 406, 424 (N.D. Tex. 2013) ("While standing to sue is assessed at the time of filing the complaint, in determining ripeness, a court may consider events that occurred after the filing of the complaint.") (internal citations omitted).

As for the Partial Award, in support of its argument that the Court does not have the authority under the FAA to enter a partial arbitration award, Sayers states that "[t]he general rule is that a court may review an arbitral award 'only after a final award is made by the arbitrator,'" Dkt. No. 10 at p. 2, quoting *Folse v. Richard Wolf Med. Instruments Corp.*, 56 F.3d 603, 605 (5th Cir. 1995), and *Int'l Bancshares Corp. v. Lopez*, 2015 WL 6799783, at *2 (S.D. Tex. Nov. 5, 2015). Sayers'

8

reliance on these cases is misplaced, however, as they involved the interpretation of 9 U.S.C. § 10 governing the court's authority to vacate an arbitration award, which is not at issue in this case.

As quoted above, § 9 states that "any party to the arbitration may apply to the court so specified for an order confirming *the award*, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9 (emphasis added). "Notably, nothing in section 9 compelling the district court to confirm an arbitration award mandates that the award must be final." *Arrowhead Glob. Sols., Inc. v. Datapath*, *Inc.*, 166 F. App'x 39, 43-44 (4th Cir. 2006); *see also Ace/Cleardefense, Inc. v. Clear Def., Inc.*, 47 F. App'x 582 (D.C. Cir. 2002) ("Section 9 speaks of an arbitration 'award,' not a 'final award.'").

Although § 9 does not state that the arbitration award must be final to be confirmed, courts generally require that the arbitrator's decision "was final, not interlocutory" in order to confirm an award. *El Mundo Broad. Corp. v. United Steelworkers of Am.*, *AFL-CIO CLC*, 116 F.3d 7, 9 (1st Cir. 1997). "The prerequisite of finality promotes the role of arbitration as an expeditious alternative to traditional litigation." *Hart Surgical, Inc. v. Ultracision, Inc.*, 244 F.3d 231, 233 (1st Cir. 2001); *see also Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 (2d Cir. 1980) ("[A] district court should not hold itself open as an appellate tribunal during an ongoing arbitration proceeding, since applications for interlocutory relief result only in a waste of time, the interruption of the arbitration proceeding, and . . . delaying tactics in a proceeding that is supposed to produce a speedy decision.") (internal quotations omitted).[2]

While there is no rigid rule for determining finality for the purpose of district court review, "[n]ormally, an arbitral award is deemed 'final' provided it evidences the arbitrators' intention to resolve all claims submitted in the demand for arbitration." *Hart Surgical*, 244 F.3d at 233 (quoting

---

[2] The Fifth Circuit has not addressed the finality issue in the context of § 9.

9

*Fradella v. Petricca*, 183 F.3d 17, 19 (1st Cir. 1999)). Courts, however, recognize exceptions to this general rule, including when the parties have agreed to bifurcate the issues of liability and damages. Thus, in *Crawford Grp., Inc. v. Holekamp*, 2007 WL 844819, at *5 (E.D. Mo. March 19, 2007), the court held that the arbitration panel's interim award on liability could be confirmed where the issues of liability and attorneys' fees were bifurcated. The court held that because both the interim award and the final award indicated "that the interim award reached a final determination on the merits with respect to the most significant issues . . . the Court finds that the arbitrators intended the interim award to be final as to the substantive issues in this matter." *Id.* Similarly, in *Andrea Doreen, Ltd. v. Bldg. Material Local Union 282*, 250 F. Supp. 2d 107, 112 (E.D.N.Y. 2003), the court held that the arbitrator's decision as to liability "*can* be deemed 'final' and confirmed by this Court" where issues of liability and remedies were bifurcated before the arbitration panel."

Here, as is in the cases immediately above, the Tribunal bifurcated the issues of liability and attorneys' fees and costs. Exh. A to Dkt. No. 1 at p. 6 n.16. The Tribunal's Partial Award in this case unequivocally stated that: "This Award is intended to fully address all claims and defenses submitted in these proceedings exclusive of reasonable attorney's fees, costs, expenses and interest." *Id.* at p. 43. Based on the foregoing case law, the Court finds that the Partial Award is a final award on liability in this case. Accordingly, the Court could have confirmed the Partial Award at the time it was filed. *See Local 36, Sheet Metal Workers Int'l Ass'n, AFL-CIO v. Pevely Sheet Metal Co.*, 951 F.2d 947, 949 (8th Cir. 1992) ("Whether the award indicates that is final and whether the arbitrator intended the award to be final are factors in determining if an arbitration award is final."). In sum, the Court finds that this case is ripe for judicial review and recommends that the District Court confirm the Final Arbitration Award.

## IV.  RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Sayers Construction LLC's Rule 12(b)(1) Motion to Dismiss (Dkt. No. 10). The undersigned **FURTHER RECOMMENDS t**hat the District Court **GRANT** Accordant Communications, LLC's Amended Application to Confirm Arbitration Award (Dkt. No. 7).

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 18, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE