UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ACCORDANT COMMUNICATIONS, LLC, § § | |
| *Plaintiff* § | |
| § | Case No. A-19-CV-00401-LY |
| v. § | |
| § | |
| SAYERS CONSTRUCTION, LLC, § | |
| *Defendant* | |

**O R D E R**

Before the Court are Accordant Communications, LLC's ("Accordant") Amended Emergency Motion to Compel Post-Judgment Discovery, filed May 15, 2020 (Dkt. No. 41); Defendant Sayers Construction, LLC's ("Sayers") Response, filed May 22, 2020 (Dkt. No. 45); Accordant's Reply, filed May 28, 2020 (Dkt. No. 53); and Sayers' Sur-Reply, filed June 9, 2020 (Dkt. No. 57-1).

On May 27, 2020, the District Court referred Accordant's motion and the related filings to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

**I.   Background**

**A. Arbitration Award**

On December 6, 2017, Accordant filed an arbitration proceeding with the American Arbitration Association against Sayers pursuant to the arbitration clause contained in the parties' contract. Accordant sought damages relating to work it performed as a subcontractor for certain electric utility construction in South Florida for which it allegedly was not compensated. Accordant asserted causes of action for breach of contract, *quantum meruit*, and fraud. Sayers asserted counterclaims for breach of contract.

On March 22, 2019, the Arbitration Tribunal issued its "Partial Award," finding that Accordant was the prevailing party in the proceeding and awarding Accordant $459,392.09 in damages, "plus an amount to be determined by the Arbitrator for interest, reasonable costs, expenses and attorney's fees." *See* Exh. A to Dkt. No 1 at 41, 43.

On April 10, 2019, Accordant initiated this lawsuit by filing its "Application to Confirm Arbitration Award," seeking to confirm the Partial Award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. Dkt. No. 1. Accordant notified the Court that it "will amend this application upon entry of an award for attorney's fees, costs, expenses, and interest." *Id.* at ¶ 10. Accordant further asserted that the Court had jurisdiction over this case based on diversity jurisdiction under 28 U.S.C. § 1332(a).

On May 9, 2019, the Arbitration Tribunal issued its Final Arbitration Award, finding that Accordant was the prevailing party in the proceeding and awarding Accordant $459,392.09 in damages, $792,565 in attorneys' fees, $12,989.04 in litigation costs, $72,250 in arbitration expenses, $59,240.58 in prejudgment interest, and post-judgment interest from March 22, 2019 until paid in full. The same day, Accordant filed its Amended Application to Confirm Arbitration Award, asking the Court to affirm the Final Award in its favor in the amount of $1,397,436.71, "plus post-judgment interest and post-award interest to be determined by the Court." Dkt. No. 7 at 3.

On May 23, 2019, Sayers filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacked subject matter jurisdiction under the FAA to confirm the Partial Award.[1] Because Accordant filed this lawsuit before the Final Arbitration Award was

---

[1] On August 8, 2019, while its Motion to Dismiss was pending, Sayers filed a separate lawsuit seeking to vacate the same Final Award at issue in this case on the basis that the Arbitration Tribunal exceeded its power by awarding attorney's fees. *See Sayers Constr., LLC v. Accordant Commc'ns, LLC*, No. 1:19-CV-00787-LY. The undersigned recommended denying Sayers' motion to vacate the arbitration award, and the

2

issued and initially sought only to confirm the Partial Award, Sayers argued that this Court lacked subject matter jurisdiction at the time this suit was filed. Sayers further argued that the Amended Application to Confirm the Arbitration Award could not cure the original deficiency because jurisdiction cannot be created retroactively.

This Court and the District Court rejected Sayers' arguments. In the Report and Recommendation, the undersigned found that Sayers' argument that the Court does not have subject matter jurisdiction under the FAA was "not well-taken" because "the FAA does not create an independent grant of federal jurisdiction." Dkt. No. 19 at 6. Rather, the FAA "creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate" and "provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue." *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983)). The Court further reasoned:

> Accordant did not rely on the FAA to create federal jurisdiction; rather, it relied on the Court's diversity jurisdiction under 28 U.S.C. §1332(a) "because the amount in controversy exceeds $75,000 and is between citizens of different states." Dkt. No. 1 at ¶ 3. Sayers does not dispute that Accordant has met the requirements of diversity jurisdiction. Accordingly, the Court has subject matter jurisdiction over this case. *See Hamstein*, 532 F. App'x at 542 ("The district court properly exercised subject-matter jurisdiction because complete diversity exists and 28 U.S.C. § 1332(a)'s amount-in-controversy requirement is satisfied.").

---

District Court adopted the recommendation and entered Final Judgment. *Id.* at Dkt. Nos. 15, 21, 22. Sayers did not appeal the Final Judgment.

*Id.* at 6-7. The undersigned also rejected Sayers' ripeness argument and recommended that the District Court deny the Motion to Dismiss and grant Accordant's Amended Application to Confirm the Arbitration Award. *Id.* at 10-11.

Sayers filed objections to the Report and Recommendation, but did not object to the Court's finding that it had diversity jurisdiction over the lawsuit. *See* Dkt. No. 20. Sayers' only objection was that this Court "erred in reaching its recommendations because Sayers has a motion to vacate the final arbitration award pending in a separate proceeding before this Court that has not been decided." *Id.* at 2.

On February 3, 2020, the District Court overruled Sayers' objection, adopted the Report and Recommendation, and entered a Final Judgment (the "Judgment") in favor of Accordant confirming the Final Arbitration Award. Dkt. No. 24.

**B.   Appeal to the Fifth Circuit**

On March 4, 2020, Sayers filed a Notice of Appeal, but did not state the basis for the appeal. Dkt. No. 25. Sayers did not file a supersedeas bond to stay the execution of the Judgment. *Id.* Regardless, Sayers has refused to pay the Judgment.

On March 5, 2020, Accordant filed a Motion for Appointment of Receiver and Turnover after Judgment, asking this Court to appoint a receiver to seize Sayers' assets and take over its contracts in order to satisfy the Judgment. Dkt. No. 27. Because Accordant had not conducted post-judgment discovery and did not use alternative legal or equitable methods to recover on the Judgment before filing the motion, this Court denied the motion without prejudice. Dkt. No. 38.

Thereafter, Accordant unsuccessfully attempted to conduct post-judgment discovery and sought other methods to recover on the Judgment. For example, on March 20, 2020, Accordant sought a writ of garnishment against Sayers' bank account with International Bank of Commerce. *See Accordant Commc'ns v. Int'l Bank of Commerce*, No. 1:20-CV-305-LY (W.D. Tex. Mar. 20,

2020). Accordant voluntarily dismissed the case after learning that Sayers had closed the account "years ago," during the arbitration proceeding. Dkt. Nos. 41 at 3 n.1, 41-5.[2] On March 30, 2020, Accordant served Sayers with its First Set of Post-Judgment Requests for Production and Interrogatories, seeking information on the corporation, its finances, and any litigation in which it was involved. Dkt. Nos. 41-1, 41-2. Sayers failed to answer any interrogatories or produce any documents, arguing that the discovery was improper because "the underlying judgment it seeks to enforce is void." Dkt. Nos. 41-3, 41-4. On May 7, 2020, Accordant noticed the deposition of Sayers' owner, Mark Sayers, for May 15, 2020, but he failed to appear. Dkt. No. 41-6.

On May 15, 2020, Accordant filed this motion under Federal Rule of Civil Procedure 69(a), asking the Court to compel Sayers to answer Accordant's post-judgment discovery and order Mark Sayers to sit for a deposition on an expedited basis. Accordant avers that it "is growing more and more concerned that Sayers is depleting recoverable assets to avoid its judgment obligations," and that "Sayers' refusal to meaningfully participate in discovery confirms these concerns." Dkt. No. 41 at 4.

Three days after Accordant filed the Motion to Compel, Sayers filed its brief with the Fifth Circuit, arguing for the first time that this Court never had diversity jurisdiction over this matter and, therefore, its Final Judgment must be vacated as void.[3] Brief for Defendant-Appellant at 7,

---

[2] Accordant also has filed two other pending writs of garnishment. *Accordant Commc'ns v. Bank of Am.*, No. 1:20-cv-548-LY-SH (W.D. Tex. May 20, 2020); *Accordant Commc'ns v. Wells Fargo Bank N.A.*, No. 1:20-cv-376-LY-SH (W.D. Tex. Apr. 9, 2020).

[3] "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Thus, "[a] lack of subject matter jurisdiction may be raised at any time and may be examined for the first time on appeal." *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 935 (5th Cir. 2012). Accordant contends that Sayers waited until this late stage of the case to raise the jurisdictional argument because "the Federal Arbitration Act's one-year confirmation deadline (9 U.S.C. § 9) arguably passed on May 9, 2020, and Sayers hopes its deceitful tactics leave Accordant unable to enforce the Award." Dkt. No. 54 at 2. Sayers claims that it only discovered that Accordant failed to identify the states of citizenship of its members in its operative pleadings while it was preparing its opening appellate brief. *See* Dkt. No. 45 at 3.

*Accordant Commc'ns v. Sayers Constr.*, No. 20-50169 (5th Cir. May 18, 2020). Dkt. No. 44-2. In its Brief, Sayers argues that Accordant's Application to Confirm the Arbitration Award and Amended Application to Confirm Arbitration Award failed to sufficiently allege the citizenship of both Accordant's own members and Sayers' members. Dkt. No. 44-2 at 10. Specifically, Sayers argues that the citizenship of a limited liability company is determined by the citizenship of all of its members, and to establish diversity jurisdiction, a party "must specifically allege the citizenship of every member of every LLC." *Id.* at 10. Sayers contends that:

> Accordant did not allege the citizenship of the limited liability company members of either Sayers or Accordant. The pleadings needed to identify the members of both Accordant and Sayers and allege the parties' respective citizenship. They did not. Instead, in Accordant's initial and amended "Application[s] to Confirm Arbitration Award," Accordant alleged only that it is "organized under the laws of Georgia with its principal place of business in Seminole County, Florida." Moreover, Accordant alleged only that Sayers is "organized under the laws of Texas with its principal place of business in Travis County, Texas." Such allegations are insufficient to establish diversity because they ignore the citizenship of the limited liability companies' members.

*Id.* at 10-11 (citations omitted).

Sayers raises the same argument in its response to Accordant's Motion to Compel Discovery. Sayers argues that because Accordant failed in its pleadings "to distinctly and affirmatively allege the citizenship of its members or Sayers' members," the Court is precluded from exercising diversity jurisdiction over this case and, therefore, lacks jurisdiction to enter any order compelling Sayers to respond to post-judgment discovery. Dkt. No. 45 at 6. Sayers also argues that the Court lacks jurisdiction to enter any post-judgment discovery orders because "the action and the lack of diversity jurisdiction is currently on appeal with the Firth Circuit." *Id.* at 2.

After learning of Sayers' newly asserted jurisdictional argument, Accordant filed a "Motion for Leave to File Amended Application to Confirm Arbitration Award to Assert Bases for

Diversity Jurisdiction under 28 U.S.C. § 1332(a)" to "make clear that subject matter jurisdiction exists." Dkt. No. 42 at 1. On May 27, 2020, the District Court denied Accordant's Motion for Leave, finding that it was divested of jurisdiction once the appeal was perfected: "Once an appeal is taken, the district court is divested of jurisdiction except to take action in aid of the appeal until the case is remanded to it by the appellate court, or to correct clerical errors under Rule 60(a)." Dkt. No. 50 at 1 (quoting *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1407 n.3 (5th Cir. 1994) (citations omitted)).

## II.     Analysis

Before addressing Sayers' newly asserted arguments, the Court first must determine whether it would be proper to make any rulings or enter any post-judgment discovery orders in light of the pending appeal questioning the Court's subject matter jurisdiction.

### A. Legal Standards

As a general rule, "a district court is divested of jurisdiction upon the filing of the notice of appeal with respect to any matters involved in the appeal." *Taylor v. Sterrett*, 640 F.2d 663, 667 (5th Cir. 1981). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Once jurisdiction passes to the court of appeals, "the district court generally lacks power to act with respect to matters encompassed within the appeal, and actions taken by the district court in violation of this principle are null and void." 16A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE ("WRIGHT & MILLER") § 3949.1 (5th ed. 2020).

The general rule that a district court is divested of jurisdiction on the filing of an appeal is not absolute. Therefore, "even after the filing of a valid notice of appeal, the district court may correct any clerical errors, act on matters to aid the appeal, and enforce its judgment, if the judgment has

not been stayed or superseded." *United States v. Ruvalcava-Garza*, 750 F. App'x 353, 356 (5th Cir. 2018). Under Federal Rule of Civil Procedure 62(b), a losing party can obtain a stay of the execution of the judgment and post-judgment discovery "by providing a bond or other security." FED. R. CIV. P. 62(b).[4] In the absence of a stay obtained in accordance with Rule 62, "the pendency of an appeal does not prevent the judgment creditor from acting to enforce the judgment." 11 WRIGHT & MILLER § 2905 (3d ed. 2020); *see also Brown v. Braddick*, 595 F.2d 961, 965 (5th Cir. 1979) (holding that district court retained jurisdiction to enforce its order by civil contempt proceedings where defendant "failed to ask the district court for a stay pending appeal and to post supersedeas bond as required by F.R.C.P. 62(d)").

**B. Court Lacks Jurisdiction Pending Appeal**

As noted, Sayers did not post a bond or other security to stay the Final Judgment in this case. Accordingly, the case has not been stayed and Accordant is permitted to seek enforcement of the Final Judgment. *See Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462, 463-64 (5th Cir. 1990) (holding that losing party could not obtain stay of execution without posting supersedeas bond when prevailing party appealed judgment seeking increase in amount of damages). Thus, the Court must determine whether it has jurisdiction to act to enforce its Judgment by ordering post-judgment discovery and issuing writs of garnishment.

To resolve Accordant's motion, the Court would have to address Sayers' newly asserted argument that the Court never had jurisdiction over this case. However, that is the issue presently before the Fifth Circuit. If the Fifth Circuit holds that the Court lacked subject jurisdiction over this case, the Final Judgment and any orders the Court entered would be void. *See Brumfield v. La.*

---

[4] Rule 62(b) provides in full: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."

*State Bd. of Educ.*, 806 F.3d 289, 298 (5th Cir. 2015); *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987) ("A judgment is void on jurisdictional grounds if the court lacked jurisdiction over the subject matter or over the parties."). If the Court lacks subject matter jurisdiction and the Final Judgment is void, the Court would not have authority to issue orders regarding post-judgment discovery or motions to execute the Final Judgment. Because the jurisdictional issue on appeal is inextricably intertwined with whether this Court has jurisdiction to review the Motion to Compel, the Court finds that the Notice of Appeal has divested this Court of jurisdiction to review the motion.

Accordant's Amended Emergency Motion to Compel Post-Judgment Discovery (Dkt. No. 41) therefore is **DISMISSED without prejudice** subject to refiling after the Fifth Circuit enters its judgment.

The Court **FURTHER ORDERS** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

**SIGNED** on June 9, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE